Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| INMOBILIARIA SAN ALBERTO, INC. Y OTROS<br><br>Recurrido<br><br>v.<br><br>ASOCIACIÓN DE CONDÓMINES TORRE MÉDICA I DR. PEDRO BLANCO LUGO Y OTROS<br><br>Peticionario | KLCE202400467 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Arecibo<br><br>Sobre: Sentencia Declaratoria<br><br>Caso Número: C AC2013-2877 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Rivera Marchand y la Juez Aldebol Mora

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de abril de 2024.

Comparece ante nos mediante el presente recurso la Asociación de Condómines Torre Médica II Dr. Pedro Blanco Lugo (en adelante, parte peticionaria), y nos solicita que dejemos sin efecto una *Resolución* emitida y notificada por el Tribunal de Primera Instancia, Sala de Arecibo, el 15 de abril de 2024. Mediante la misma, el foro primario declaró *No Ha Lugar* la moción de renuncia de representación legal de la Licenciada Ana B. Frías Ortiz, presentada por la parte peticionaria. En la misma fecha de radicado el presente auto, incoó una *Urgente Moción en Auxilio de Jurisdicción*

Evaluado, tanto el recurso de c*ertiorari*, como su solicitud de paralización de los procedimientos, se deniegan los mismos.

**I**

Sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera, et al. v. Arcos Dorados, et al.*, 2023 TSPR 65, 212 DPR ____ (2023); *Medina Nazario*

*v. Mcneil Healthcare LLC,* 194 DPR 723, 728 (2016); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.*, 200 DPR 724, 736 (2018).

**II**

Mediante su comparecencia, la parte peticionaria propone que intervengamos en un asunto relacionado al manejo del caso, materia que, como norma, queda excluida del ejercicio de nuestras facultades en esta etapa de los procedimientos. En específico, se nos invita a intervenir sobre un asunto de relevo de representación legal, ya comenzado el juicio en su fondo. Precisa destacar que, a pesar de que la juzgadora declaró *No Ha Lugar* la petición, expuso que podía reconsiderar su determinación siempre y cuando se certifique que la nueva representación que asuma tal rol tenga "pleno conocimiento del estado procesal en que se encuentra el

presente caso y se encontrara preparada para la continuación de los procedimientos, específicamente para la continuación del juicio en su fondo pautado para el 29 de abril del 2024". [1]

En mérito de lo antes expuesto y amparados en la facultad que emana de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos no expedir el auto solicitado. El expediente ante nuestra consideración no evidencia falta alguna atribuible al tribunal primario, de modo que resulte meritorio imponernos sobre lo resuelto. Por tanto, en ausencia de condición alguna que mueva nuestro criterio a estimar que, en su más sano quehacer, este Foro debe intervenir en la causa de epígrafe, denegamos la expedición del auto solicitado. De igual modo, se deniega la *Urgente Moción en Auxilio de Jurisdicción* presentada por la parte peticionaria.

**III**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *certiorari* solicitado y la *Urgente Moción en Auxilio de Jurisdicción.*

**Notifíquese inmediatamente a todas las partes, al Tribunal de Primera Instancia, y a la Hon. Juez Yelitza Trinidad Martín.**

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[1] Véase, *Resolución* emitida el 15 de abril de 2024, Apéndice del recurso, pág. 4.